TROY LAW, PLLC
John Troy (JT 0481)
Aaron Schweitzer (AS 6369)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK**

---------------------------------------------------------------x

YONG XU,
*on behalf of himself and others similarly situated,*

                    Plaintiff,

              v.

KEALOHA SUSHI INC
    f/k/a Aloha Sushi Inc
    d/b/a Kealoha Sushi & Poke Bowl,
SONG CHEN
    a/k/a Jacky Chen
    a/k/a Ah Niu
    a/k/a John 02 Doe,
"JOHN 01 DOE"
    a/k/a Ah Jiu, and
DARWIN "DOE,"

                    Defendants.

---------------------------------------------------------------x

Case No. 19-cv-11885

**29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION**

**AMENDED COMPLAINT**

Plaintiff YONG XU (hereinafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants KEALOHA SUSHI INC f/k/a Aloha Sushi Inc d/b/a Kealoha Sushi & Poke Bowl, SONG CHEN a/k/a Jacky Chen a/k/a Ah Niu a/k/a John 02 Doe, "JOHN 01 DOE" a/k/a Ah Jiu, and DARWIN "DOE" (hereinafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION**

1.     This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act,

("FLSA"), 29 U.S.C. § 201 *et seq.* and New York Labor Law ("NYLL"), N.Y. Lab. L., arising from Defendants' various willful and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime premiums, (3) liquidated damages, (4) out of pocket expenses for tools of the trade, (4) prejudgment and post-judgement interest, and (5) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to NYLL § 650 *et seq.* and the New York Hospitality Industry Wage Order ("Wage Order"), 12 N.Y.C.R.R. § 146 that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime premiums, (3) unpaid spread-of-hours premiums, (4) liquidated damages, (5) up to five thousand dollars ($5,000.00) for Defendants' failure to provide a wage notice compliant with Section 195.1 of the NYLL at his time of hire, (6) up to five thousand dollars ($5,000.00) for defendants' failure to provide wage statements compliant with Section 195.3 of the NYLL with each payment of wages, (7) out of pocket expenses for tools of the trade, (8) prejudgment and post-judgement interest, and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District Court of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. From on or about March 01, 2018 through on or about July 15, 2019, Plaintiff YONG XU was employed by Defendants to work as a deliveryman out of Kealoha Sushi & Poke Bowl located at 330 E 53rd Street, New York, NY 10022.

## DEFENDANTS

*Corporate Defendant*

8. Defendant KEALOHA SUSHI INC f/k/a Aloha Sushi Inc d/b/a Kealoha Sushi & Poke Bowl is a domestic business corporation organized under the laws of the State of New York with a principal address at 330 E 53rd Street, New York, NY 10022.

9. KEALOHA SUSHI INC f/k/a Aloha Sushi Inc d/b/a Kealoha Sushi & Poke Bowl is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

10. KEALOHA SUSHI INC f/k/a Aloha Sushi Inc d/b/a Kealoha Sushi & Poke Bowl purchased and handled goods moved in interstate commerce.

*Individual Defendants*

11. The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

12. SONG CHEN a/k/a Jacky Chen a/k/a Ah Niu a/k/a John 02 Doe, known to Plaintiff as the "Owner" and "Small Shareholder" of Kealoha Sushi & Poke Bowl, (1) had the power to

hire and fire employees of, (2) supervised and controlled employee work schedules or conditions of employment at, (3) determined employee rates and methods of payment at, and (4) maintained employee records for Aloha Sushi & Poke Bowl.

13. SONG CHEN a/k/a Jacky Chen a/k/a Ah Niu a/k/a John 02 Doe hired Plaintiff.

14. SONG CHEN a/k/a Jacky Chen a/k/a Ah Niu a/k/a John 02 Doe fired Plaintiff.

15. SONG CHEN a/k/a Jacky Chen a/k/a Ah Niu a/k/a John 02 Doe acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2; NYLL, N.Y. Lab. L. § 2 and the Wage Order, and is jointly and severally liable with KEALOHA SUSHI INC f/k/a Aloha Sushi Inc d/b/a Kealoha Sushi & Poke Bowl.

16. "JOHN 01 DOE" a/k/a Ah Jiu, known to Plaintiff as the "Boss" and "Big Shareholder" of Kealoha Sushi & Poke Bowl, (1) had the power to hire and fire employees of, (2) supervised and controlled employee work schedules or conditions of employment at, (3) determined employee rates and methods of payment at, and (4) maintained employee records for Aloha Sushi & Poke Bowl.

17. "JOHN 01 DOE" a/k/a Ah Jiu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2; NYLL, N.Y. Lab. L. § 2 and the Wage Order, and is jointly and severally liable with KEALOHA SUSHI INC f/k/a Aloha Sushi Inc d/b/a Kealoha Sushi & Poke Bowl.

18. DARWIN "DOE," known as "Manager" to Plaintiff, (1) had the power to hire and fire employees of, (2) supervised and controlled employee work schedules or conditions of employment at, (3) determined employee rates and methods of payment at, and (4) maintained employee records for Aloha Sushi & Poke Bowl.

19. DARWIN "DOE" acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with KEALOHA SUSHI INC f/k/a Aloha Sushi Inc d/b/a Kealoha Sushi & Poke Bowl.

**STATEMENT OF FACTS**

20. At all times relevant herein, KEALOHA SUSHI INC f/k/a Aloha Sushi Inc d/b/a Kealoha Sushi & Poke Bowl was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

21. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by KEALOHA SUSHI INC f/k/a Aloha Sushi Inc d/b/a Kealoha Sushi & Poke Bowl.

22. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the Collective, and the Class.

23. Pursuant to the Wage Order, 12 N.Y.C.R.R. § 146-2.2, and the FLSA, 29 USC § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

24. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

25. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

26. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

27. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

28. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

29. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with wage notice compliant with Section 195.1 of the NYLL at time of hire or wage statements compliant with Section 195.3 of the NYLL with each payment of wages.

30. Defendants knew that the nonpayment of overtime and New York's "spread of hours" premiums would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

31. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### *Plaintiff YONG XU*

32. From on or about March 01, 2018 through on or about July 15, 2019, Plaintiff YONG XU was employed by Defendants to work as a deliveryman out of Kealoha Sushi & Poke Bowl located at 330 E 53rd Street, New York, NY 10022.

33. From on or about March 01, 2018 through on or about May 31, 2018, Plaintiff YONG XU's regular work schedule ran: from 11:00 through 22:30 for eleven and one-half (11.50) hours per day, with one (1) one-hour (1-hour) break per day, for four (4) days per week, for a total of forty-two (42) hours per week.

34. From on or about June 01, 2018 through on or about July 15, 2019, Plaintiff YONG XU's regular work schedule ran: from 11:00 through 22:30 for eleven and a half (11.50) hours per day, with one (1) one-hour (1-hour) break per day, for five (5) days per week, for a total of fifty-two and one-half (52.50) hours per week

35. From on or about March 01, 2018 through on or about May 31, 2018, Plaintiff YONG XU was paid a flat rate of two hundred dollars ($200.00) per week.

36. From on or about June 01, 2018 through on or about February 28, 2019, Plaintiff YONG XU was paid a flat rate of two hundred fifty dollars ($250.00) per week.

37. From on or about March 01, 2019 through on or about July 15, 2019, Plaintiff YONG XU was paid a flat rate of two hundred seventy-five dollars ($275.00) per week.

38. Throughout his employment, Plaintiff YONG XU's weekly rates, when converted to hourly rates, amounted to less than the federal and New York minimum wage.

39. At all relevant times, Plaintiff YONG XU's weekly rates did not include pay at his straight-time rate or premiums at one-half his straight-time rate for work performed in excess of 40 hours each week, nor did they include premiums of one hour's pay at the minimum wage for each day his spread of time exceeded ten (10) hours.

40. At all relevant times, Plaintiff YONG XU was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

41. Further, Plaintiff YONG XU had to perform side work besides delivering food, including: cutting the cardboard used to line the delivery bags, cleaning and sanitizing the restaurant, and refilling the refrigerator with drinks.

42. Plaintiff YONG XU was not furnished with a wage notice compliant with Section 195.1 of the NYLL, either at his time of hire or throughout his employment.

43. Throughout his employment, Plaintiff YONG XU was not furnished with wage statements compliant with Section 195.3 of the NYLL with each payment of wages.

44. As part of Plaintiff's employment with Defendants, Plaintiff YONG XU was required to bear the cost of the purchase of an electric bicycle at one thousand one hundred dollars

($1100.00).

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the federal minimum wage for all hours worked and at one and one-half times the greater of their regular rates or the federal minimum wage for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

46.     Plaintiff brings his NYLL claims pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

47.     All said persons, including Plaintiff, are referred to herein as the "Class."

48.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Rule 23.

*Numerosity*

49.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number

is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

50. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

    b. Whether Plaintiff and Class members are promised and not paid at their promised hourly wage;

    c. Whether Plaintiff and Class members are not paid at least the hourly minimum wage for each hour worked;

    d. Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

    e. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

    f. Whether Plaintiff and Class members are required to provide and maintain tools of the trade on Defendants' behalf at their own cost;

    g. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

    h. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

    i. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

j. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

51. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

52. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the

sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

54. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. At all relevant times, Defendants had a policy and practice of refusing to pay

Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

57. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

58. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
### [Violation of New York Labor Law—Failure to Pay Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. At all relevant times, Plaintiff is employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

61. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

62. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

63. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) after April 9, 2011, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

64. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

66. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

67. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

68. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

69. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

70. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

71. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT IV.
**[Violation of New York Labor Law—Failure to Pay Overtime**
**Brought on behalf of Plaintiff and Rule 23 Class]**

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

74. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

75. Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

76. Defendants' failure to pay Plaintiff was not in good faith.

### COUNT V.
**[Violation of New York Labor Law—Spread of Time Pay**
**Brought on behalf of Plaintiff and Rule 23 Class]**

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

79. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]**

80. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

82. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

83. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

84. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII.
### [Violation of New York Labor Law—Failure to Provide Wage Statements
### Brought on behalf of Plaintiff and Rule 23 Class]

85. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

87. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

88. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT VIII.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs
### Brought on behalf of the Plaintiff and the Class]

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

91. Based on his personal experience and available information, Plaintiff can document actual "out-of-pocket" vehicle related expenses of his electricity delivery bicycle.

92. The conduct of Defendants, and the course of Defendant's conduct between the

parties, evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

93. Plaintiff purchased, maintained and repaired the electric bicycle at his own expense.

94. Plaintiff performed these deliveries for the sole benefit of the Defendants.

95. Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

96. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiff would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

97. Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

98. Defendants owe Plaintiff his overdue costs of delivery vehicles, cost of batter change, if applicable, and maintenance of the bicycle.

## DEMAND FOR TRIAL BY JURY

99. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform

them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

      b)      Certification of this case as a collective action pursuant to FLSA;

      c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

      d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

      e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

      g)      An award of out-of-pocket breach-of-contract delivery costs for electric bicycle expenses incurred and expended by Plaintiff on Defendants' bequest and behalf;

      h)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

      i)      Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

      j)      Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

      k)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

      l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

      m)      The cost and disbursements of this action;

      n)      An award of prejudgment and post-judgment fees;

      o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

      p)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
       July 3, 2020

                                              TROY LAW, PLLC

                                             */s/ John Troy*
                                             John Troy (JT0481)
                                             Aaron Schweitzer (AS 6369)